## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**ESPERANZA GUTIERREZ MAYO**, on behalf of herself and all others similarly situated,

Plaintiff,

- against -

**KHODAL MAA, INC. d/b/a EAGLE SUPERMARKET and EL REY SUPERMARKET**, **JAI KHODI MATA, INC. d/b/a EAGLE SUPERMARKET and EL REY SUPERMARKET**, **DILIP PATEL**, an Individual, **VINNY PATEL**, an Individual, **VISNO PATEL**, an Individual, **MANNY PATEL**, an Individual, **MUKESH PATEL**, an Individual, **ABC CORPORATIONS 1-5**, and **JOHN DOES 1-5**,

Defendants.

Civil Action No.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Esperanza Gutierrez Mayo ("plaintiff" or "Gutierrez") individually and on behalf of all others similarly situated, through her undersigned attorneys, for their Class and Collective Action Complaint against defendants Khodal Maa, Inc. d/b/a Eagle Supermarket and El Rey Supermarket ("Khodal"), Jai Khodi Mata, Inc. d/b/a Eagle Supermarket and El Rey Supermarket ("Jai"), Dilip Patel, Vinny Patel, Visno Patel, Manny Patel, Mukesh Patel, ABC Corporations 1-5, and John Does 1-5 (all collectively the "defendants") alleges upon actual knowledge as to herself and, as to all other matters, alleges upon information and belief, as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, *et seq.,* and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-

56a, *et seq.*, for defendants' failure to pay their employees overtime pay. Plaintiff seeks damages

on her own behalf and on behalf of all others similarly situated.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C.

§ 216(b).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the defendants

reside in and/or conduct or conducted business in this district and because the events or

omissions giving rise to the claim set forth herein occurred in Union County, New Jersey.

4.      Plaintiff's state law claims are interposed in accordance with the Court's

supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367(a).

5.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§

2201 and 2202.

## THE PARTIES

6.      Plaintiff Esperanza Gutierrez Mayo is a resident of Union County, New Jersey.

She was employed by defendants at Eagle Supermarket at 1102 Elizabeth Avenue, Elizabeth,

New Jersey, 07201, as a supermarket worker from in or about March 2012 to on or about

November 15, 2018.

7.      At all relevant times, including from in or about March 2012 to November 15,

2018, plaintiff and those similarly situated had an employment relationship with, and were

employees of, defendants within the meaning of the FLSA and NJWHL.

8.      At all relevant times, plaintiff and those similarly situated have been employees engaged in commerce or the production of goods for commerce on behalf of defendants.

9.      Plaintiff has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b). A copy of her FLSA Consent Form is attached as Exhibit A.

10.      Khodal Maa, Inc., a New Jersey corporation, has been at all relevant times a supermarket chain in New Jersey. Khodal is located at 1102 Elizabeth Avenue, Elizabeth, New Jersey, 07201.

11.      Khodal does business as Eagle Supermarket, located at 1102 Elizabeth Avenue, Elizabeth, New Jersey, 07201 ("Eagle"), and as El Rey Supermarket, located at 80 3rd Street, Elizabeth, New Jersey, 07206 ("El Rey").

12.      Khodal has been at all relevant times an employer within the meaning of the FLSA.

13.      Khodal has been at all relevant times an employer within the meaning of the NJWHL.

14.      Khodal has been at all relevant times an employer and enterprise engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA.

15.      Jai Khodi Mata, Inc., a New Jersey corporation, has been at all relevant times a supermarket chain in New Jersey. Jai is located at 80 3rd Street, Elizabeth, NJ, 07206.

16.      Jai does business as Eagle Supermarket, located at 1102 Elizabeth Avenue, Elizabeth, New Jersey, 07201 ("Eagle"), and as El Rey Supermarket, located at 80 3rd Street, Elizabeth, New Jersey, 07206 ("El Rey").

17.      Jai has been at all relevant times an employer within the meaning of the FLSA.

18.     Jai has been at all relevant times an employer within the meaning of the NJWHL.

19.     Jai has been at all relevant times an employer and enterprise engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA.

20.     Khodal and Jai have common ownership, unified operation and/or control, and as a chain of supermarkets are related and have a common business purpose and constitute an enterprise within the meaning of the FLSA.

21.     Khodal and Jai constitute a single employer within the meaning of the FLSA, because they have interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control.

22.     With regard to interrelation of operations, the following facts support this allegation:

23.     Khodal and Jai have interchange of employees. For example, employees who worked at Eagle, where they were paid by Khodal, have been transferred to El Rey, where they have been paid by Jai. Other employees have been temporarily transferred between El Rey and Eagle.

24.     Khodal and Jai have interchange of management. Eagle's managers fill in for El Rey's managers as needed, and vice versa. For example, when the manager of Eagle was away on vacation in December one year, the manager from El Rey temporarily performed management duties at Eagle during his absence.

25.     Khodal and Jai share the same wholesale supplier, General Trading Co., Inc., located in Carlstadt, New Jersey.

26.     With regard to centralized control of labor relations, the following facts support this allegation:

27.     Khodal and Jai have the same office secretary, Carolina. She performs secretarial and management duties at both Eagle and El Rey. For example, when the time clock was broken at Eagle, Carolina would collect employees' handwritten time cards. Carolina would also fill in for the managers at Eagle and El Rey when they were sick or on vacation, by supervising the employees in the front of the store near the cash registers.

28.     Khodal and Jai have the same owners, Dilip Patel, Vinny Patel, Visno Patel, Manny Patel, and Mukesh Patel.

29.     The individuals named above in paragraph 28 are members of the same family.

30.     Visno Patel and Vinny Patel hold themselves out to the employees as the owners and top management of both Eagle and El Rey. The employees who work at both Eagle and El Rey know Visno Patel and Vinny Patel as the owners of both stores. Visno Patel and Vinny Patel hire, fire, discipline, set work schedules, assign work, and determine employee pay for employees at both Eagle and El Rey.

31.     Both Khodal and Jai have employees at Eagle and El Rey utilize the same type of electronic time clock to punch in and out.

32.     Both Khodal and Jai utilize the same payroll software to process payroll for employees at Eagle and El Rey.

33.     Both Khodal and Jai use the same methods to pay employees at Eagle and El Rey. Namely, Khodal and Jai pay each employee partially in cash and partially by check for each pay period.

34.     With regard to common management, the following facts support this allegation:

35.     Khodal and Jai have interchange of management. Eagle's managers fill in for El Rey's managers as needed, and vice versa. For example, when the manager of Eagle was away on vacation in December one year, the manager from El Rey temporarily performed management duties at Eagle during his absence.

36.     The Patel family members work together as a team to manage Khodal and Jai. For example, Nic Patel is the current manager of Eagle, Tony Patel was the former manager of Eagle, Manny Patel is the current manager of El Rey, and Kidi Patel sometimes fills in as manager of El Rey when Manny Patel is away.

37.     With regard to common ownership and financial control, the following facts support this allegation:

38.     The Patel family members work together as owners and managers of Khodal and Jai. Dilip Patel, Vinny Patel, Visno Patel, Manny Patel, and Mukesh Patel are owners of both Khodal and Jai. Dilip Patel, Vinny Patel, Visno Patel, Manny Patel, and Mukesh Patel hold themselves out to the employees as the owners of both Eagle and El Rey.

39.     Mukesh Patel is registered with the State of New Jersey as a principal for Jai.

40.     Dilip Patel is registered with the State of New Jersey as a principal for Khodal.

41.     In addition to the foregoing, the following paragraphs support the individual, joint and several liability of Dilip Patel, Vinny Patel, Visno Patel, Manny Patel, and Mukesh Patel for the violations of the FLSA and NJWHL by Khodal and Jai:

42.     At all relevant times, Dilip Patel exercised sufficient control over plaintiff's and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA.

43.     At all relevant times, Dilip Patel exercised sufficient control over plaintiff's and the Rule 23 Class members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the NJWHL.

44.     Dilip Patel is an owner and officer of Khodal and Jai.

45.     Dilip Patel acted directly or indirectly in the interest of Khodal and Jai in relation to plaintiff and those similarly situated.

46.     Dilip Patel suffered or permitted plaintiff and all others similarly situated to work.

47.     Dilip Patel has been at all relevant times an employer within the meaning of the FLSA.

48.     Dilip Patel has been at all relevant times an employer within the meaning of the NJWHL.

49.     Dilip Patel was the employer of plaintiff and those similarly situated under the FLSA and NJWHL, because, at all relevant times, Dilip Patel exercised sufficient operational control and policy-making authority over Khodal's and Jai's operations and personnel decisions, including establishing the employees' terms and conditions of employment, hiring, firing, and disciplining of employees, directing manner in which employees performed their daily duties and assignments, determining the employees' rates of pay and hours of work, creating and enforcing the method by which the employees' wages were computed, establishing and implementing pay practices and work scheduling policies, and maintaining payroll and employee records.

50.     Dilip Patel is sued individually in his capacity as a principal, owner, and employer of Khodal and Jai.

51.     Dilip Patel is personally and jointly and severally liable for the violations of the FLSA by Khodal and Jai.

52.     Dilip Patel is personally and jointly and severally liable for the violations of the NJWHL by Khodal and Jai.

53.     At all relevant times, Vinny Patel exercised sufficient control over plaintiff's and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA.

54.     At all relevant times, Vinny Patel exercised sufficient control over plaintiff's and the Rule 23 Class members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the NJWHL.

55.     Vinny Patel is an owner and officer of Khodal and Jai.

56.     Vinny Patel acted directly or indirectly in the interest of Khodal and Jai in relation to plaintiff and those similarly situated.

57.     Vinny Patel suffered or permitted plaintiff and all others similarly situated to work.

58.     Vinny Patel has been at all relevant times an employer within the meaning of the FLSA.

59.     Vinny Patel has been at all relevant times an employer within the meaning of the NJWHL.

60.     Vinny Patel was the employer of plaintiff and those similarly situated under the FLSA and NJWHL, because, at all relevant times, Vinny Patel exercised sufficient operational control and policy-making authority over Khodal's and Jai's operations and personnel decisions, including establishing the employees' terms and conditions of employment, hiring, firing, and disciplining of employees, directing manner in which employees performed their daily duties and assignments, determining the employees' rates of pay and hours of work, creating and enforcing

the method by which the employees' wages were computed, establishing and implementing pay practices and work scheduling policies, and maintaining payroll and employee records.

61.     Vinny Patel is sued individually in his capacity as a principal, owner, and employer of Khodal and Jai.

62.     Vinny Patel is personally and jointly and severally liable for the violations of the FLSA by Khodal and Jai.

63.     Vinny Patel is personally and jointly and severally liable for the violations of the NJWHL by Khodal and Jai.

64.     At all relevant times, Visno Patel exercised sufficient control over plaintiff's and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA.

65.     At all relevant times, Visno Patel exercised sufficient control over plaintiff's and the Rule 23 Class members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the NJWHL.

66.     Visno Patel is an owner and officer of Khodal and Jai.

67.     Visno Patel acted directly or indirectly in the interest of Khodal and Jai in relation to plaintiff and those similarly situated.

68.     Visno Patel suffered or permitted plaintiff and all others similarly situated to work.

69.     Visno Patel has been at all relevant times an employer within the meaning of the FLSA.

70.     Visno Patel has been at all relevant times an employer within the meaning of the NJWHL.

71.     Visno Patel was the employer of plaintiff and those similarly situated under the FLSA and NJWHL, because, at all relevant times, Visno Patel exercised sufficient operational control and policy-making authority over Khodal's and Jai's operations and personnel decisions, including establishing the employees' terms and conditions of employment, hiring, firing, and disciplining of employees, directing manner in which employees performed their daily duties and assignments, determining the employees' rates of pay and hours of work, creating and enforcing the method by which the employees' wages were computed, establishing and implementing pay practices and work scheduling policies, and maintaining payroll and employee records.

72.     Visno Patel is sued individually in his capacity as a principal, owner, and employer of Khodal and Jai.

73.     Visno Patel is personally and jointly and severally liable for the violations of the FLSA by Khodal and Jai.

74.     Visno Patel is personally and jointly and severally liable for the violations of the NJWHL by Khodal and Jai.

75.     At all relevant times, Manny Patel exercised sufficient control over plaintiff's and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA.

76.     At all relevant times, Manny Patel exercised sufficient control over plaintiff's and the Rule 23 Class members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the NJWHL.

77.     Manny Patel is an owner and officer of Khodal and Jai.

78.     Manny Patel acted directly or indirectly in the interest of Khodal and Jai in relation to plaintiff and those similarly situated.

79.    Manny Patel suffered or permitted plaintiff and all others similarly situated to work.

80.    Manny Patel has been at all relevant times an employer within the meaning of the FLSA.

81.    Manny Patel has been at all relevant times an employer within the meaning of the NJWHL.

82.    Manny Patel was the employer of plaintiff and those similarly situated under the FLSA and NJWHL, because, at all relevant times, Manny Patel exercised sufficient operational control and policy-making authority over Khodal's and Jai's operations and personnel decisions, including establishing the employees' terms and conditions of employment, hiring, firing, and disciplining of employees, directing manner in which employees performed their daily duties and assignments, determining the employees' rates of pay and hours of work, creating and enforcing the method by which the employees' wages were computed, establishing and implementing pay practices and work scheduling policies, and maintaining payroll and employee records.

83.    Manny Patel is sued individually in his capacity as a principal, owner, and employer of Khodal and Jai.

84.    Manny Patel is personally and jointly and severally liable for the violations of the FLSA by Khodal and Jai.

85.    Manny Patel is personally and jointly and severally liable for the violations of the NJWHL by Khodal and Jai.

86.    At all relevant times, Mukesh Patel exercised sufficient control over plaintiff's and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA.

87.     At all relevant times, Mukesh Patel exercised sufficient control over plaintiff's and the Rule 23 Class members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the NJWHL.

88.     Mukesh Patel is an owner and officer of Khodal and Jai.

89.     Mukesh Patel acted directly or indirectly in the interest of Khodal and Jai in relation to plaintiff and those similarly situated.

90.     Mukesh Patel suffered or permitted plaintiff and all others similarly situated to work.

91.     Mukesh Patel has been at all relevant times an employer within the meaning of the FLSA.

92.     Mukesh Patel has been at all relevant times an employer within the meaning of the NJWHL.

93.     Mukesh Patel was the employer of plaintiff and those similarly situated under the FLSA and NJWHL, because, at all relevant times, Mukesh Patel exercised sufficient operational control and policy-making authority over Khodal's and Jai's operations and personnel decisions, including establishing the employees' terms and conditions of employment, hiring, firing, and disciplining of employees, directing manner in which employees performed their daily duties and assignments, determining the employees' rates of pay and hours of work, creating and enforcing the method by which the employees' wages were computed, establishing and implementing pay practices and work scheduling policies, and maintaining payroll and employee records.

94.     Mukesh Patel is sued individually in his capacity as a principal, owner, and employer of Khodal and Jai.

95.     Mukesh Patel is personally and jointly and severally liable for the violations of the FLSA by Khodal and Jai.

96.     Mukesh Patel is personally and jointly and severally liable for the violations of the  NJWHL by Khodal and Jai.

97.     Upon information and belief, John Does 1-5 are fictitious individuals meant to represent principals, owners, officers, directors, agents, or employees of Khodal and Jai who have been involved with the conduct giving rise to this Complaint, but are heretofore unknown to the plaintiff.

98.     At all relevant times, John Does 1-5 exercised sufficient control over plaintiff's and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA and NJWHL.

99.     John Does 1-5 are owners and officers of Khodal and Jai.

100.    As the John Doe defendants are identified, plaintiff shall amend the Complaint to include them.

101.    Upon information and belief, ABC Corporations 1-5 are fictitious corporations meant to represent any additional corporations who have been involved with the conduct giving rise to this Complaint, but are heretofore unknown to the plaintiff.

102.    ABC Corporations 1-5 have been at all relevant times employers within the meaning of the FLSA and NJWHL.

103.    ABC Corporations 1-5 have been at all relevant times employers and enterprises engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA.

104.    As the ABC Corporation defendants are identified, plaintiff shall amend the Complaint to include them.

105.    At all relevant times, plaintiff and those similarly situated performed work which simultaneously benefitted Khodal, Jai, Dilip Patel, Vinny Patel, Visno Patel, Manny Patel, Mukesh Patel, ABC Corporations 1-5, and John Does 1-5.

106.    At all relevant times, Khodal, Jai, Dilip Patel, Vinny Patel, Visno Patel, Manny Patel, Mukesh Patel, ABC Corporations 1-5, and John Does 1-5 acted directly or indirectly in the interest of each other in relation to plaintiff and those similarly situated.

### COLLECTIVE ACTION ALLEGATIONS

55.    Plaintiff brings the First Claim as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of herself and other similarly situated people, which shall include:

> All employees who work or worked as non-exempt, non-supervisory supermarket workers for the defendants Khodal Maa, Inc. d/b/a Eagle Supermarket and El Rey Supermarket, Jai Khodi Mata, Inc. d/b/a Eagle Supermarket and El Rey Supermarket, Dilip Patel, Vinny Patel, Visno Patel, Manny Patel, Mukesh Patel, ABC Corporations 1-5, and John Does 1-5 at Eagle Supermarket or El Rey Supermarket in Elizabeth, New Jersey at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

56.    Defendants are liable under the FLSA for, *inter alia*, failing to pay plaintiff and similarly situated employees overtime pay for time worked in excess of 40 hours in a workweek. There are likely over 40 similarly situated current and former employees of the defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the defendants, are readily identifiable, and can be located through defendants' records that they are required to create and maintain under

applicable federal and state law. Notice should be sent to the FSLA Collective pursuant to 29 U.S.C. § 216(b).

57.     As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA, which has caused significant damage to the FLSA Collective.

58.     This policy, pattern, or practice includes, *inter alia*, failing to pay overtime at the rate of one-and-one-half times the FLSA Collective's regular hourly rate for hours worked in excess of 40 in a workweek.

59.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants and are readily identifiable and can be located through defendants' records, which they are required to maintain pursuant to the FLSA and the NJWHL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

60.     Defendants' violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

## CLASS ACTION ALLEGATIONS

61.     Plaintiff brings the Second Claim as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class, consisting of:

> All employees who work or worked as non-exempt, non-supervisory supermarket workers for the defendants Khodal Maa, Inc. d/b/a Eagle Supermarket and El Rey Supermarket, Jai Khodi Mata, Inc. d/b/a Eagle Supermarket and El Rey Supermarket, Dilip Patel, Vinny Patel, Visno Patel, Manny Patel, Mukesh Patel, ABC Corporations 1-5, and John Does 1-5 at Eagle Supermarket or El

Rey Supermarket in Elizabeth, New Jersey at any time three years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

62.     The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the Rule 23 Class members is unknown to plaintiff at this time but there are believed to be over 40 such persons. The identity of the Rule 23 Class members is known to the defendants and is contained in the employment records that the defendants are required to create and maintain as a matter of state and federal law.

63.     Plaintiff's claims are typical of the claims of the other members of the New Jersey Rule 23 Class as plaintiff and all other members of the Rule 23 Class sustained damages arising out of defendants' conduct in violation of the New Jersey law complained of herein. The Rule 23 Class members work, or have worked, for the defendants as supermarket workers and were not paid overtime wages due by the defendants. They have sustained similar types of damages as a result of defendants' failure to comply with the NJWHL.

64.     Plaintiff will fairly and adequately protect the interests of the members of the Rule 23 Class and has retained counsel competent and experienced in complex class action litigation.

65.     Plaintiff has no interests that are contrary to or in conflict with those of the other members of the Rule 23 Class.

66.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

67.     Common questions of law and fact exist as to all members of the Rule 23 Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Rule 23 Class are:

    a.   Whether the NJWHL and the supporting regulations were violated by defendants' acts as alleged herein;

    b.   Whether defendants failed to pay overtime wages to plaintiff and other Rule 23 Class members for time worked in excess of 40 hours in a workweek, as required by the NJWHL; and

    c.   Whether plaintiff and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

68.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate relief with respect to the Rule 23 Class as a whole.

69.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual Rule 23 Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiff and Rule 23 Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to prosecute vigorously a lawsuit against the defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

## FACTUAL ALLEGATIONS

70.    Plaintiff was employed by defendants from in or about March 2012 to on or about November 15, 2018, as a non-exempt, non-supervisory, hourly-paid supermarket worker at Eagle Supermarket.

71.    At all relevant times, the FLSA Collective and the Rule 23 Class were or are employed by defendants as supermarket workers. Their duties included cashiering, cleaning all

areas of the store, stocking shelves with groceries and other consumer goods, stocking vegetables in the produce department, butchering and preparing meats in the meat department, preparing food in the kitchen, and serving food to customers.

72.     The FLSA Collective and the Rule 23 Class did not have the authority to hire, fire, or discipline other employees, nor did they do so.

73.     Nic Patel managed Eagle. He supervised, hired, fired, disciplined, and paid the employees at Eagle.

74.     Manny Patel managed El Rey. He supervised, hired, fired, disciplined, and paid the employees at El Rey.

107.    There is interchange of employees between Eagle and El Rey. From time to time, management would have an employee from Eagle transferred to El Rey to cover shifts, and vice versa. Some employees have been transferred permanently between El Rey and Eagle. Other employees have been temporarily transferred between El Rey and Eagle for periods of several weeks at a time.

75.     Each day, plaintiff, the FLSA Collective, and the Rule 23 Class punched in on a time clock when they began work and punched out on a time clock when they ended work.

76.     The time clock would sometimes break. For example, there was a period of about six months in 2018 during which the time clock was broken at the Eagle location.

77.     During the times the time clock was broken, plaintiff, the FLSA Collective, and the Rule 23 Class wrote down the time they began work and the time they ended work on a piece of paper, which they would then give to the office secretary Carolina or leave near the time clock.

78.     Carolina was the office secretary for Khodal and Jai, and performed office secretarial services at both Eagle and El Rey, and also sometimes filled in for management at Eagle and El Rey when they were sick or on vacation.

79.     At all relevant times, plaintiff, the FLSA Collective, and the Rule 23 Class worked in excess of 40 hours per week.

80.     Plaintiff worked Monday from 7:00 a.m. to 4:00 p.m., Tuesday from 12:00 p.m. to 8:00 p.m., had Wednesday off, worked Thursday from 7:00 a.m. to 4:00 p.m., Friday from 12:00 p.m. to 8:00 p.m., Saturday 12:00 p.m. to 8:00 p.m., and Sunday from 7:00 a.m. to 3:00 p.m., with no meal or coffee breaks, for a total of 47 hours of work per week. Plaintiff sometimes worked more than 47 hours per week if management directed her to.

81.     At all relevant times, plaintiff, the FLSA Collective, and the Rule 23 Class were paid straight time for all hours worked, and were not paid time-and-a-half overtime pay for hours in excess of 40 worked in a week, as required by the FLSA and NJWHL.

82.     Defendants paid plaintiff, the FLSA Collective, and the Rule 23 Class weekly, by a combination of check and cash.

83.     Plaintiff was paid the New Jersey minimum wage for 36 hours per week, by check. Plaintiff was paid between $80 and $100 per week for the remainder of the hours she worked each week, in cash.

84.     The FLSA Collective and Rule 23 Class were paid the same way. They received New Jersey minimum wage for hours less than 40 hours, by check, and some amount of cash for the remainder of their hours.

85.     At all relevant times, plaintiff, the FLSA Collective, and the Rule 23 Class were and are nonexempt employees who were and are entitled to overtime pay under the FLSA and NJWHL.

86.     Defendants failed to pay plaintiff, the FLSA Collective, and the Rule 23 Class overtime pay at one-and-one-half times their hourly rate for hours worked in excess of 40 per workweek.

87.     Because defendants did not pay plaintiff, the FLSA Collective, and the Rule 23 Class overtime pay at one-and-one-half times their hourly rate for hours worked in excess of 40 per workweek, defendants did not provide them with all compensation owed to them.

88.     Defendants failed to pay plaintiff legally mandated federal and New Jersey overtime pay for each and every weekly pay period she worked for defendants beginning in or about March 2012 to her last day of work on or about November 15, 2018. For example, in 2016, these weekly pay periods include pay periods ending September 11, October 23, and December 18. In 2017, these weekly pay periods include pay periods ending on May 21, June 11, and July 16. In 2018, these weekly pay periods include pay periods ending on February 4, July 22, and October 21.

89.     In each of the identified pay periods above, plaintiff worked in excess of 40 hours per workweek.

90.     Defendants' unlawful conduct has been widespread, repeated and consistent.

91.     Defendants' conduct was willful, in bad faith, and has caused significant damages to plaintiff and the FLSA Collective and Rule 23 Class.

### FIRST CLAIM FOR RELIEF
### Fair Labor Standards Act
### Unpaid Overtime Wages

92.     Plaintiff and the FLSA Collective reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

93.     At all relevant times, the plaintiff and the FLSA Collective were employed by defendants within the meaning of the FLSA.

94.     Defendants are required to pay plaintiff and the FLSA Collective one-and-one-half (1½) times their regular rates of pay for all hours that they worked in excess of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207 *et seq*.

95.     Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA, even though plaintiff and the FLSA Collective have regularly worked more than 40 hours per workweek.

96.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the FLSA Collective.

97.     Defendants' violations of the FLSA have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

98.     As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective have suffered damages by being denied overtime pay in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### New Jersey Wage and Hour Law
### Unpaid Overtime Wages

99.     Plaintiff and the Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

100.     Under the NJWHL, defendants were required to pay plaintiff and the Rule 23 Class one and one-half (1½) times their regular rates of pay for all hours they worked in excess of 40 hours in a workweek.

101.     Plaintiff and the Rule 23 Class regularly worked more than 40 hours per week.

102.     Defendants have failed to pay Plaintiff and the Rule 23 Class members the overtime wages to which they were entitled under the NJWHL.

103.     Defendants' violation of the wage payment requirements of the NJWHL was part of their regular business practice and constituted a pattern, practice, and/or policy.

104.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of plaintiff and the Rule 23 Class.

105.     Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiff and the Rule 23 Class members overtime wages.

106.     As a result of defendants' willful violations of the NJWHL, plaintiff and the Rule 23 Class have suffered damages by being denied overtime pay in accordance with the NJWHL and are entitled to recovery of such amounts, pre-judgment and post-judgment interest, and attorneys' fees and costs, and other compensation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, the FLSA Collective and the Rule 23 Class pray for the following relief:

A.    An order certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. §216(b) for the employees described herein and designating plaintiff's counsel as counsel for the FLSA Collective;

B.    Designation of the named plaintiff as representative of the FLSA Collective;

C.    An order certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Second Claim for the class of employees described herein, certifying plaintiff as the class representative and designating plaintiff's counsel as Class counsel;

D.    Judgment for plaintiff and the FLSA Collective Action members for all statutory, compensatory, and liquidated damages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as pre-judgment and post-judgment interest;

E.    Judgment for plaintiff and the Rule 23 Class members for all statutory and compensatory damages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as pre-judgment and post-judgment interest;

F.    An award to plaintiff and the FLSA Collective and Rule 23 Class for their reasonable attorneys' fees, costs, including expert fees, and expenses as authorized by law;

G.      A declaratory judgment that the practices complained of herein are unlawful

under the FLSA and under appropriate state law; and

H.      Any and all other relief which the Court deems appropriate under the

circumstances.

/s/Mitchell Schley
Mitchell Schley
Law Offices of Mitchell Schley, LLC
mschley@schleylaw.com
197 Route 18 South
South Tower, Suite 3000
East Brunswick, NJ 08816
Telephone:  732-325-0318
mschley@schleylaw.com